UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SOUTH TEXAS FRAC, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-20-CA-678-OLG (HJB) |
| | § | |
| PHOENIX PROCESS EQUIPMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court are the following motions: (1) South Texas Frac LLC's and WI Texas Frac LLC's (hereinafter "Plaintiffs'") Motion to Exclude and/or Limit the Expert Testimony of David Hutchinson (Docket Entry 106); (2) Plaintiffs' Motion to Exclude and/or Limit the Expert Testimony of Kenneth R. Schweigert (Docket Entry 113); (3) Plaintiffs' Motion to Exclude and/or Limit the Expert Testimony of Phoenix Process Equipment Co.'s Non-Retained Experts (Docket Entry 115); (4) Plaintiffs' Motion to Exclude and/or Limit the Expert Testimony of Tommy Mathews and Michelle M. Lee (Docket Entry 119); (5) Defendant's Motion to Strike and/or Limit the Testimony of Ruben Garza (Docket Entry 122); (6) Defendant's Motion to Strike and/or Limit the Testimony of Rob Hargrave (Docket Entry 123); (7) Defendant's Motion to Strike and/or Limit the Testimony of Pat McConnell (Docket Entry 124); and (8) Defendant's Motion to Strike and/or Limit the Testimony of Michael Wick (Docket Entry 126). Pretrial matters in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). (*See* Docket Entry 41.)

A hearing was held on the parties' motions on October 4, 2021. In accordance with the Court's ruling at the hearing, it is hereby **ORDERED** as follows:

1) Plaintiffs' Motion to Exclude and/or Limit the Expert Testimony of David Hutchinson (Docket Entry 106) is **GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT PEJUDICE IN PART**. The Motion is **GRANTED** to the extent that Hutchison's testimony is limited to his opinions set out at pages 15 and 16 of his report. (*See* Docket Entry 106-2, at 15–16.) The Motion is **DENIED** with regard to Plaintiffs' objections to Hutchinson's qualification to testify as an expert in accordance with Federal Rule of Evidence 702. The Motion is **DENIED WITHOUT PREJUDICE** as to Plaintiffs' claims regarding the relevance of Hutchinson's testimony; this issue may be reconsidered via *motion in limine* or objection at trial.

2) Plaintiffs' Motion to Exclude and/or Limit the Expert Testimony of Kenneth R. Schweigert (Docket Entry 113) is **GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT PEJUDICE IN PART**. The Motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** as to Schweigert's testimony regarding frac sand mine operations relating to Plaintiffs' breach of contract claim; this testimony is limited to damages only. As to Schweigert's testimony as to "geological" issues and Plaintiffs' "misunderstanding" of data (*See* Docket Entry 113, at 2, 13–14), the testimony is limited to rebuttal only. The Motion is **DENIED** as to Plaintiffs' general objections to Schweigert's qualifications, and it is **DENIED WITHOUT**

**PREJUDICE** as to Schweigert's testimony relevant to Plaintiffs' negligence claim, and as to any other arguments regarding the legal relevance of the witness's testimony.

3) Plaintiffs' Motion to Exclude and/or Limit the Expert Testimony of Tommy Mathews and Michelle M. Lee (Docket Entry 119) is **DENIED WITHOUT PREJUDICE. On or before November 4, 2021**, Defendant must supplement the report of these experts. Plaintiffs may then renew their motion **on or before November 18, 2021**, and Defendant may respond **on or before December 2, 2021**.

4) Plaintiffs' Motion to Exclude and/or Limit the Expert Testimony of Phoenix Process Equipment Co.'s Non-Retained Experts (Docket Entry 115), Defendant's Motion to Strike and/or Limit the Testimony of Ruben Garza (Docket Entry 122), Defendant's Motion to Strike and/or Limit the Testimony of Rob Hargrave (Docket Entry 123), and Defendant's Motion to Strike and/or Limit the Testimony of Pat McConnell (Docket Entry 124) are **DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART**. The Motions are **DENIED** with respect to the qualifications of these witnesses to testify as experts in accordance with Federal Rule of Evidence 702. Other arguments in the Motions are **DENIED WITHOUT PREJUDICE** to reconsideration via *motion in limine* or objection at trial.

5) Defendant's Motion to Strike and/or Limit the Testimony of Michael Wick (Docket Entry 126) is **GRANTED IN PART and DENIED IN PART**. The Motion is

**GRANTED** with respect to any legal opinion regarding warranties or intentional misrepresentations made by Plaintiffs. Otherwise it is **DENIED**.

**SIGNED** on October 4, 2021.

Henry J. Bemporad
United States Magistrate Judge